UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| OHIO STATE HOME SERVICES, INC., | ) | CASE NO.   1:22-CV-675 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | |
| MEDICAL MUTUAL OF OHIO, *et al*., | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |

INTRODUCTION

Before the Court is a motion by Plaintiff Ohio State Home Services, Inc. d/b/a Ohio State Waterproofing (OSW) seeking remand of this matter to the Cuyahoga County Court of Common Pleas. R. 4. Defendant Medical Mutual of Ohio (Medical Mutual), which removed this case (R. 1), opposes the motion. R. 8. OSW filed a reply. R. 9.

The central question presented by this motion to remand is whether pre-emptive federal ERISA jurisdiction exists over OSW's claims against Medical Mutual—the administrator of OSW's self-funded health care plan. Because OSW's claims are state law contract matters that do not arise under ERISA, as will be detailed below, the motion to remand is granted.[1]

FACTUAL ALLEGATIONS

Plaintiff's  Complaint alleges Medical Mutual provides claims-processing and other

---

[1] Because the motion to remand is granted, Medical Mutual's separate motion to dismiss for failure to state a claim (R. 3) is denied as moot.

administrative services for OSW's self-funded health care plan under an Administrative Services Only (ASO) contract. R. 1, PageID#: 14. Plaintiff asserts that the ASO contract is separate from the health care plan that OSW has with its employees. *Id.,* PageID#: 15.

OSW also claims that—separate from either the ASO contract or OSW's employee benefits plan—Medical Mutual entered into contracts with various medical providers whereby Medical Mutual agreed to pay so-called "value-based charges" to the providers. *Id*. Value-based charges, it is alleged, are intended to operate as incentives to the provider in the form of a bonus payment above the stated, covered cost of a procedure or service in return for implementing improved administrative and clinical processes. *Id*., PageID#: 16, fn. 2. The Complaint states that Medical Mutual's ASO contract with OSW authorized Medical Mutual to only pay for "Covered Services," as that term was defined in the Benefit Books, for which OSW was obligated to reimburse Medical Mutual. *Id*., PageID#: 14-15.

OSW's Complaint moreover alleges that, without authority in the ASO contract, Medical Mutual fraudulently caused OSW to reimburse Medical Mutual for these value-based charges it paid by improperly coding the charges as "claims" and then surreptitiously and uniformly passing such charges on to OSW and all ASO contract customers in the same, formulaic amounts contained in its regular invoices for claims paid. *Id*., PageID#: 16-17. The Complaint further asserts that Medical Mutual's alleged actions breach the ASO contract, constitute fraud, unjust enrichment, and otherwise violate Ohio's Deceptive Trade Practices Act. *Id*., PageID#: 41-46. The Complaint seeks compensatory and punitive damages, plus injunctive and declaratory relief. *Id.*, PageID#: 49-50. It further seeks certification as a class action. *Id*., PageID#: 38-41.

Medical Mutual removed the case from state court in part asserting that because the ASO contract states that claims shall be paid according to the definition of "covered services" contained in the Benefit Book, it is the Benefit Book, not the ASO contract, which must be examined and interpreted to see whether Medical Mutual is liable to OSW for anything. R.1, PageID#: 5. Thus, Medical Mutual continues, since OSW's argument essentially is that Medical Mutual violated the terms of the "plan" as

set out in the Benefit Book, this case necessarily arises under ERISA and so falls under its exclusive federal jurisdiction. *Id*.

OSW's motion to remand, however, maintains that because the allegedly improper value-based charges are not, and never were, actual "claims" for "covered services," the Complaint's assertions can be adjudicated solely as a breach of the ASO contract without any reference to the plan Benefit Book and without regard to ERISA. R. 4, PageID#: 476-477.

ANALYSIS

Standard of Review

A civil action filed in state court is removable to federal court if the claim "aris[es] under" federal law. 28 U.S.C. §§ 1331, 1441(a). To support removal, "[a] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Franchise Tax Bd. Of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10-11 (1983) (citation omitted). The removal statutes, however, "are to be construed strictly, narrowly and against removal." *Tech Hills II Assocs. v. Phoenix Home Life Mut. Ins. Co.,* 5 F.3d 963, 968 (6th Cir. 1993) (citations omitted). Doubts should be resolved in favor of remand. *Coyne v. Am. Tobacco Co*., 183 F.3d 488, 493 (6th Cir. 1999).

In general, determining the existence of federal question jurisdiction under 28 U.S.C. § 1331 is governed by the "well-pleaded complaint rule," "which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under this standard, a plaintiff is "the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.*

However, certain federal laws, including ERISA, may so completely preempt state jurisdiction that any claim brought within the scope of such a federal law, notwithstanding how framed or stated in the plaintiff's complaint, is a federal claim and so removable if filed in state court. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-66 (1987). Thus, in the case of ERISA, if a plaintiff's state law claim

3

"duplicates, supplements or supplants the ERISA civil enforcement remedy [of §502(a)]," the preemptive power of ERISA "converts [such a] state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004).

To that point, a state claim may be removed under the complete preemption doctrine if it meets a two-part test set out in *Davila:* first, the plaintiff must be complaining about the denial of benefits under and ERISA plan and second, "the plaintiff must only allege the violation of a legal duty (federal or state) that is dependent on ERISA or on the ERSA plan's terms. 'No other independent legal duty [may be] implicated by a defendant's actions.'" *K.B. by and through Qassis v. Methodist Healthcare,* 929 F.3d 795, 800 (6th Cir. 2019) (quoting *Davila*, 542 U.S. at 210). The two-prong test of *Davila* is in the conjunctive, meaning that an action is removable only when both prongs of the test are satisfied. *Gardner v. Heartland Industrial Partners, LLC,* 715 F.3d 609, 613 (6th Cir. 2013) (internal quotation and citation omitted).

As to that second element of the *Davila* test, it must be noted that "courts across the country have found that contracts between a claims administrator and an employee-funded benefit plan are not ERISA plan documents." *Canter v. Alkermes Blue Care Elect Preferred Provider Plan, et al*., 2020 WL 359412, at *17 (S.D. Ohio Jan. 1, 2020) (citations omitted) (report and recommendation); report and recommendation adopted, *Canter v. Alkermes Blue Cross Elect Preferred Provider Plan,* 593 F.Supp. 3d 737 (S.D. Ohio 2022). Further, "a mere need to look at an ERISA plan [in determining a state law contract claim] is not enough to trigger complete ERISA preemption." *K.B*., 929 F.3d at 803 (citations omitted). "Our case law does not set up an automatic triggering mechanism where the simple presence of an ERISA plan [in a contract scheme] brings down the hammer of complete federal preemption every time." *Id*.

<u>Application of standard</u>

Medical Mutual contends that OSW's claims are completely preempted by ERISA; and it argues

they have been properly removed because they are, in essence, claims to enforce the terms of an ERISA plan and conflict with or duplicate the federal cause of action provided for in ERISA.[2] Accordingly, this analysis proceeds to examine if OSW's state law breach of contract claim is completely preempted by Section 1132(a) of ERISA.

Application of *Davila*'s two-part test will determine if the claim is completely preempted and thus properly removed here. Further, as explained above, a state-law claim will be preempted under *Davila* only if both prongs of the two-part test are met. Making that determination involves a case-specific inquiry that "requires examination of the complaint and its alleged facts, the state law on which the claim is based, and the various plan documents." *Milby v. MCMC LLC*, 844 F.3d 605, 611-12 (6th Cir. 2016).

As to the first *Davila* inquiry, it is clear that plaintiff OSW is not complaining about "the denial of benefits to which [it] is entitled." *Garner*, 715 F.3d at 613. Nor does the Complaint allege that Medical Mutual's actions regarding the imposition of value-based charges was "only because of the terms an ERISA-regulated employment benefit plan." *Davila*, 542 U.S. at 210. In fact, the Complaint is clear in alleging that, notwithstanding Medical Mutual falsely labeling these charges as "claims," they were not claims and bore no relationship to any covered service that might be reimbursed under the plan. Indeed, as noted above, the administrative services contract between OSW and Medical Mutual is not an ERISA plan document and thus any dispute over its terms or meanings is a state law contract dispute not one arising under ERISA.

Medical Mutual's attempt to make OSW responsible at this stage for proving the truth of the Complaint's allegation that the value-based charges are not claims, as that term is used in the plan, inverts the burden of proof. It is the defendant who opposes remand that has the burden of "prov[ing] this dispute involves an ERISA plan for purposes of complete preemption and thus removal." *Knowlton*

---

[2] There is no argument that OSW's claims are *expressly* preempted by ERISA, which is a separate matter from *complete* preemption. *See*, K.B., 929 F.3d at 800.

*v. Pilkington Holdings, Inc*., 2021 WL 397393, at *7; *see also*, *Blue Cross & Blue Shield of Mississippi v. Sharkey-Issaquena Community Hospital, et al.,* 2017 WL 6375954, at *4 (S.D. Miss. Dec. 13, 2017) (Defendant's argument that it cannot defend against Plaintiff's state-law breach of contract claims without considering the ERISA plan provisions was merely a conclusory argument where, *inter alia*, Defendant failed to show how the ERISA plans are relevant to Blue Cross's state law claims).

In that regard, Medical Mutual has not pointed to any language of the plan that authorizes payment for value-based charges and seeks to shift the burden to OSW to prove the negative. In that context, as noted above, Medical Mutual's claim that OSW's fraud allegations cannot be evaluated without a review of the ERISA plan is, at best, premature and is certainly insufficient to preclude a remand. *Sharkey-Issaquena Community Hospital*, 2017 WL 6375954, at *4; *see also*, *K.B*., 929 F.3d at 801-02.

Moreover, by implying that because these charges were labeled as claims on invoices to OSW such a designation must be accepted here, Medical Mutual is essentially asserting that it is the label on the invoice that must control in determining the basis for preemption. If that were the case, Defendant's position would make any fraud claim inherently an ERISA claim if the perpetrator simply elected to cloak the alleged fraud in terms also used in the plan. In such a situation, the only ERISA-based nexus between the parties to a fraud suit would be the existence of an ERISA covered plan standing outside of the fraud alleged.

In *Milby*, the Sixth Circuit held that such a "but-for" test for ERISA preemption was insufficient. "[W]hether an ERISA plan is the 'but-for' cause of the relationship between the parties … would capture too many claims that courts have found to be based on independent duties." *Milby*, 844 F.3d at 611.

This analysis is borne out in analogous cases where ERISA preemption was not established when, despite the existence of an ERISA plan, the essence of the complaint was state-law fraud. *See. e.g.*, *Sharkey-Issaquena Community Hospital*, 2017 WL 6375954, at *4; *Conn. Gen. Life Ins. Co., et al.*

*v. Advanced Surgery Center of Bethesda, LLC, et al.,* 2015 WL 4394408, at * 17 (D. Md. July 15, 2015) (finding that insurer's fraud-based claims for billing malfeasance did not "relate to" ERISA plans); *Aetna Life Ins. Co. v. Huntington Valley Surgery Ctr.*, 2014 WL 4116963, at *6-7 (E.D. Penn. Aug. 20 2014) (holding that carrier's billing-fraud claims were not preempted despite existence of underlying ERISA plans); *Ass'n of N.J. Chiropractors v. Aetna, Inc.*, 2012 WL 1638166, at *6 (D.N.J. May 8, 2012) (holding that "a number of cases … have held that ERISA does not completely preempt claims brought by an insurer who sues a provider for fraudulent or negligent misbilling") (collecting cases).

Here, the Complaint locates the duty that was allegedly breached by Medical Mutual in basic state contract law, which limits Medical Mutual to those actions permitted by the ASO contract and does not require recourse to the details of what constitutes allowable claims covered under the employee benefits plan. R. 4, PageID#: 476-77. Moreover, a claim for breach of contract or fraudulent billing is not transformed into an ERISA claim solely because the alleged breach or fraud arose while servicing claims under an administrative services only contract that dealt with processing of employee benefits claims.

Thus, it is clear that OSW has alleged that Medical Mutual violated a legal duty independent from any created by the ERISA plan.

## CONCLUSION

The Court finds that Medical Mutual has not met its burden of establishing that OSW's claims are completely preempted by ERISA. Therefore, OSW's motion to remand (R. 4) is hereby GRANTED and this case is hereby REMANDED to the Cuyahoga County Court of Common Pleas. In addition, because this Court finds that it does not have jurisdiction, Medical Mutual's separate motion to dismiss (R. 3) is hereby DENIED as moot.

IT IS SO ORDERED.

Dated: September 30, 2024  /s/ *David A. Ruiz*
David A. Ruiz
United States District Judge

7